IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT T. CRAVENER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 2:08-cv-1568 |
| | ) |
| KENNETH CAMERON, | ) Magistrate Judge Amy Reynolds Hay |
| THE ATTORNEY GENERAL OF THE | ) |
| STATE OF PENNSYLVANIA, and THE | ) |
| DISTRICT ATTORNEY OF THE | ) |
| COUNTY OF ALLEGHENY, | ) |
| | ) |
| Respondents. | ) |

## **MEMORANDUM OPINION**

Robert Cravener ("Petitioner"), a state prisoner, assigned the Pennsylvania Department of Corrections Identification Number BJ-9887, is currently serving a combined sentence of incarceration of 10 to 20 years for Kidnapping (a conviction obtained in the Washington County Court of Common Pleas) and for Involuntary Deviate Sexual Intercourse, Indecent Assault, Criminal Attempt and Corruption of Minors (convictions obtained in the Allegheny County Court of Common Pleas).   Petitioner has filed a Section 2254 petition seeking not to challenge the fact or duration of his confinement but, rather, seeking to challenge the requirement that he register as a sex offender and be subject to Pennsylvania's Megan's Law.[1]  However, as the Respondents point out, because he cannot challenge the requirements that he register as a sex offender and/or challenge the reporting requirements of Pennsylvania's Megan's Law via a habeas petition but must file a civil rights action, the petition will be dismissed as raising a claim

---

[1] See, e.g., Commonwealth v. Lee, 935 A.2d 865, 866-67 & n.1 (Pa. 2007) (explaining the history of the various permutations of Megan's Law in Pennsylvania).

which is not cognizable in habeas.

Petitioner was sentenced on December 17, 1990, in the Washington County Court of Common Pleas, for Kidnapping. In the Allegheny County Court of Common Pleas, he then pleaded guilty on February 13, 1991, to charges of Involuntary Deviate Sexual Intercourse, Indecent Assault, Criminal Attempt and Corruption of Minors. At the time of the convictions and sentencing, Petitioner was not required to register as a sex offender or report to the authorities as Megan's Law now requires because Pennsylvania's first Megan's Law was not enacted until October 24, 1995.[2]

Petitioner alleges in his habeas petition that he was not made aware by the Department of Corrections of the fact that he was subject to Megan's Law until September 19, 2008. Dkt. [3] at 5, ¶ 12. In the habeas petition, he raised the following issues:

> GROUND ONE: Dept. Of Corrections violates petitioner[']s rights under U.S. Constitution Fifth Amendment – Due Process of Law . . . . Dept. of Corrections is attempting to use it's own authority to extent [sic] the petitioners sentence to enclude [sic] megan's law registration which was "not" part of the petitioner's sentence agreed upon on 2-13-91

[Dkt. [3] at 5]

> GROUND TWO: Dept. of Corrections violates petitioner[']s constitutional rights under Eighth Amendment – Double Jeopardy . . . . By forcing Petitioner to comply with Megan's law registration by way of threat, DOC is attempting to sentence petitioner a second time in addition to the sentence imposed by the [State Courts].

[Id., at 7]

---

[2] Commonwealth v. Lee, 935 A.2d at 866 n.1 ("Megan's Law II is so denoted because the General Assembly's first enactment providing community notification and related provisions for specified sex offenders, **Act of Oct. 24, 1995**, P.L. 1079 (Spec. Sess. No. 1), largely was ruled unconstitutional by this Court in *Commonwealth v. Donald Williams*, 557 Pa. 285, 733 A.2d 593 (1999)")(emphasis added).

>GROUND THREE: Dept. Of Corrections is in error by attempting to further punish petitioner beyond the sentence imposed on 2-13-91.

[Id., at 8]

>GROUND FOUR: Beyond the 2 to 4 yrs sentence imposed on 2-13-91 no other penalties were entered [by the State Court].

Id., at 10.  By way of relief, Petitioner seeks to have this Court "issue an order declairing [sic] Megan's Law Registration violates petitioner[']s constitutional rights and direct the Dept. Of Corrections cease and desist its efforts."  Dkt. [3] at 14.  The Respondents filed an answer, pointing out that habeas is not the proper vehicle by which to bring this challenge and/or obtain such relief because the challenge would not result in a speedier release from custody or any release from his present custody, essentially.  Dkt. [6].  The Respondents asserted that this challenge is more properly brought as a Section 1983 civil rights action.   Petitioner did not file a traverse.

All currently interested parties have consented to have the Magistrate Judge exercise plenary jurisdiction and enter final judgment.  Dkt. [9] (Attorney General); Dkt. [11] (Petitioner).

The Respondents are correct that the instant challenge to the Megan's law registration requirements and reporting requirements are not cognizable in habeas and only cognizable via a civil rights action.  See, e.g., Virsnieks v. Smith, 521 F.3d 707 (7th Cir. 2008).

In Virsnieks, the habeas petitioner therein, a state prisoner, brought a Section 2254 petition to challenge the state law requirement that he register under the relevant state statute. The habeas petitioner therein argued that because the state trial court found that he committed a burglary with the intent of committing a sexual assault, the petitioner was required to register as a

sex offender. The petitioner challenged the finding by the trial court that petitioner entered into the house, i.e., committed the burglary, with the intent to commit a sexual assault. Petitioner argued that under Apprendi v. New Jersey, 530 U.S. 466 (2000), the trial court found a fact (i.e., petitioner had the intent to commit a sexual assault) that was not admitted to by the petitioner nor found by a jury and, hence, violated Apprendi. The Versnieks Court found such a claim not cognizable in habeas. Because we find the reasoning of Versnieks persuasive we quote from that opinion extensively as follows:

> Were Mr. Virsnieks' *Apprendi* argument successful, we would issue a writ of habeas corpus releasing him from the obligation to register as a sex offender. We begin by considering whether this relief is cognizable under the habeas statute.
> The United States Congress has authorized federal courts to entertain petitions for a writ of habeas corpus only where the individual seeking the writ is "in custody." 28 U.S.C. § 2241(c); *see also id.* § 2254(a). Historically, federal courts interpreted the "in custody" requirement strictly; they required that an individual be in the state's physical custody at the time that he or she filed the habeas petition. *See* Richard H. Fallon, Jr., Daniel J. Meltzer & David L. Shapiro, Hart and Wechsler's The Federal Courts and the Federal System 1395 (5th ed.2003) (citing *Wales v. Whitney*, 114 U.S. 564, 5 S.Ct. 1050, 29 L.Ed. 277 (1885); *Stallings v. Splain*, 253 U.S. 339, 40 S.Ct. 537, 64 L.Ed. 940 (1920); *Weber v. Squier*, 315 U.S. 810, 62 S.Ct. 800, 86 L.Ed. 1209 (1942)). In more recent times, beginning with *Jones v. Cunningham*, 371 U.S. 236, 242-43, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963), the Supreme Court has broadened the definition of custody. Habeas corpus is now available, for example, to prisoners who are released on parole,[14] personal recognizance,[15] and bail,[16] as well as those serving consecutive sentences;[17] to aliens seeking entry into the United States;[18] and to individuals seeking to challenge their induction into military service.[19]

---

[14]. *Jones v. Cunningham*, 371 U.S. 236, 242-43, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963).

[15]. *Hensley v. Mun. Court, San Jose Milpitas Judicial Dist.*, 411 U.S. 345, 346, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973); *see also*

*Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 300, 104 S.Ct. 1805, 80 L.Ed.2d 311 (1984).

[16]. *Lefkowitz v. Newsome*, 420 U.S. 283, 286 n. 2 & n. 8, 95 S.Ct. 886, 43 L.Ed.2d 196 (1975).

[17]. *Peyton v. Rowe*, 391 U.S. 54, 67, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968); *see also Garlotte v. Fordice*, 515 U.S. 39, 46-47, 115 S.Ct. 1948, 132 L.Ed.2d 36 (1995).

[18]. *Jones*, 371 U.S. at 240 n. 9, 83 S.Ct. 373 (collecting cases).

[19]. *Id*. at 240 n. 11, 83 S.Ct. 373.

Despite this expansion of the definition of custody, habeas petitioners must establish that they are subject to conditions that "significantly restrain ... [their] liberty." *Jones*, 371 U.S. at 243, 83 S.Ct. 373; *see also Hensley v. Mun. Court, San Jose Milpitas Judicial Dist.*, 411 U.S. 345, 351, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973) ("The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for *severe restraints* on individual liberty." (emphasis added)); *Harts v. Indiana*, 732 F.2d 95, 96 (7th Cir. 1984) (per curiam). In *Jones* and other cases expanding the definition of custody, the Court emphasized the physical nature of the restraints on liberty that satisfied the custody requirement. Jones, Hensley and Peyton, each involved restraints on a habeas petitioner's ability to move about freely. *Jones*, 371 U.S. at 242, 83 S.Ct. 373 ("Petitioner is confined by the parole order to a particular community, house, and job at the sufferance of his parole officer. He cannot drive a car without permission."); *Peyton v. Rowe*, 391 U.S. 54, 67, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968) (holding that "a prisoner serving consecutive sentences is 'in custody' under any one of them"); *Hensley*, 411 U.S. at 351, 93 S.Ct. 1571 (emphasizing that the petitioner "cannot come and go as he pleases" and that his "freedom of movement rests in the hands of state judicial officers, who may demand his presence at any time and without a moment's notice"). Thus, the collateral consequences of a conviction, those consequences with negligible effects on a petitioner's physical liberty of movement, are insufficient to satisfy the custody requirement. *See Maleng v. Cook*, 490 U.S. 488, 491-92, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989); *Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S.Ct. 1556, 20

L.Ed.2d 554 (1968); *cf. Bunn v. Conley*, 309 F.3d 1002, 1008 (7th Cir. 2002) (holding that a prisoner's challenge to 18 U.S.C. § 4042(b), which requires that the Bureau of Prisons notify a state's chief law enforcement officer that a prisoner convicted of a crime of violence is being released, is not cognizable in habeas).

In accordance with these principles, courts have held that orders of restitution, fines and the revocation of medical and driver's licenses do not satisfy the "in custody" requirement. *See, e.g., Smullen v. United States*, 94 F.3d 20, 25 (1st Cir. 1996); *Lefkowitz v. Fair*, 816 F.2d 17, 20 (1st Cir. 1987) (per curiam); *Harts*, 732 F.2d at 96-97; *Hanson v. Circuit Court*, 591 F.2d 404, 407 (7th Cir. 1979). In contrast, a sentence of 500 hours of community service has been held to restrict sufficiently an individual's physical liberty of movement to satisfy the requirement. *Barry v. Bergen County Prob. Dep't*, 128 F.3d 152, 162 (3d Cir. 1997).

Indeed, given the habeas statute's "in custody" requirement, courts have rejected uniformly the argument that a challenge to a sentence of registration under a sexual offender statute is cognizable in habeas. *See Leslie v. Randle*, 296 F.3d 518, 521-23 (6th Cir. 2002) (holding that a sentence of registration imposed under Ohio's sex offender law did not meet the custody requirement); *Henry v. Lungren*, 164 F.3d 1240, 1241-42 (9th Cir. 1999) (same result under California's statute); *McNab v. Kok*, 170 F.3d 1246, 1247 (9th Cir. 1999) (Oregon's statute); *Williamson v. Gregoire*, 151 F.3d 1180, 1184-85 (9th Cir. 1998) (Washington's statute). In *Gregoire*, a former Washington state prisoner filed a habeas action challenging the requirement that he register under Washington's sexual offender statute. 151 F.3d at 1181-82. The Ninth Circuit concluded that the petitioner did not meet the in custody requirement, reasoning that registration did not constitute a significant restraint on the petitioner's "physical sense of liberty." *Id*. at 1183, 1184-85. The registration statute itself did not place any physical restraints on the petitioner's freedom of movement because the law did not specify any place within or without Washington where the petitioner could not travel. *Id*. at 1184. He did not have to register personally at the sheriff's office but could effectuate registration by mail. *Id*. at 1183-84. The court recognized that "the registration and notification provisions might create some kind of subjective chill on" the petitioner's "desire to travel." *Id*. at 1184. This restriction, however, constituted no greater a burden on the petitioner's freedom of movement than the loss of a driver's license, which, the court noted, is insufficient to satisfy the custody requirement. *Id*. (citing *Lillios v. New Hampshire*, 788 F.2d 60, 61 (1st Cir. 1986); *Harts*, 732 F.2d at 96-97; *Westberry v. Keith*, 434 F.2d 623, 624-25 (5th Cir. 1970)). Although failure to comply with the registration requirements could lead to future incarceration, the court explained that "this potentiality ..., dependent entirely on whether [the petitioner] chooses to obey the Washington statute, actually makes the sex offender law very similar to the restitution orders that other courts have found not to create custody." *Id*. (citing *United States v. Michaud*, 901 F.2d 5, 7 (1st Cir. 1990)).[20]

---

[20]. The Ninth Circuit has applied this holding and reiterated this reasoning in two subsequent cases dealing with similar statutes in the states of California and Oregon. *See Henry v. Lungren*, 164 F.3d 1240, 1241-42 (9th Cir. 1999); *McNab v. Kok*, 170 F.3d 1246, 1247 (9th Cir. 1999).

In *Leslie v. Randle*, the Sixth Circuit was confronted with this same issue in a case with a similar posture as the one before this court. In *Leslie*, a petitioner filed a habeas action challenging the constitutionality of Ohio's sexual predator statute; the action was filed during the term of his incarceration. *Leslie*, 296 F.3d at 522. Employing reasoning similar to that of the Ninth Circuit in *Gregoire*, the Sixth Circuit held that, despite the fact that the petitioner was incarcerated at the time of his petition, his challenge to the registration portion of his sentence was not cognizable in habeas. *Id*. at 523. Although Ohio's statute required the petitioner to "verify his address with the sheriff every 90 days even if he never leaves his house," the statute did not condition his "ability to move to a different community or residence ... on approval by a government official." *Id*. at 522. Additionally, the court explained, the petitioner's "freedom is not conditioned on his ability to remain employed, nor is he prohibited from engaging in any legal activities." *Id*. Finally, the court noted that the Supreme Court of Ohio has held that the sexual-predator statute is remedial rather than punitive; a remedial statute, according to the court, is more analogous to collateral consequences than to "severe restraints on freedom of movement." *Id*. at 523.

In this case, the Wisconsin sexual offender registration statute, Wis. Stat. § 301.45 et seq., does not impose any significant restriction on a registrant's freedom of movement. Like the statutes in place in Washington and Ohio, the Wisconsin statute itself does not limit where a registrant may move or travel within Wisconsin, within the United States or internationally.[21] Although registrants are required to keep the Wisconsin Department of Corrections ("WDOC") apprised of certain personal information[22] and to update this information every ninety days, Wis. Stat. § 301.45(3)(b)(1m), registrants may do so by mail. Wis. Admin. Code § DOC 332.06(2). Moreover, a registrant may update the WDOC with any changes by using a telephonic registration system. *See id*. § DOC 332.06(2)(a). Accordingly, the Wisconsin statute imposes minimal restrictions on a registrant's physical liberty of movement.

---

[21]. The statute does prevent certain registrants from establishing or changing their residence. Wis. Stat. § 301.45(4r). This restriction, however, applies only to individuals who are otherwise in

7

custody-those on parole or extended supervision- and who have not complied with the statute's reporting requirements. *Id*. Thus, in addition to not applying to non-custodial registrants, registrants themselves can control whether this provision is triggered. *Williamson v. Gregoire*, 151 F.3d 1180, 1184-85 (9th Cir. 1998).


[22]. A registrant must provide the WDOC with, among other information, his or her name, address, date of birth, gender, race, weight, hair and eye color, the specific statute that the registrant violated as well as the name and address of the registrant's employer or school. See Wis. Stat. § 301.45(2), (4m).


Our circuit's case law, as well as ample case law from other circuits, dictates that the future threat of incarceration for registrants who fail to comply with the statute is insufficient to satisfy the custody requirement. *Hanson*, 591 F.2d at 407 & n. 6 (holding that the potential that nonpayment of a fine will result in incarceration is insufficient to satisfy the custody requirement); *see also Leslie*, 296 F.3d at 522; *Gregoire*, 151 F.3d at 1184;  *Tinder v. Paula*, 725 F.2d 801, 804 (1st Cir.1984) (collecting cases); *cf. Maleng*, 490 U.S. at 492, 109 S.Ct. 1923. As the First Circuit explained in *Tinder*, "the possibility that the court will resort to imprisonment to enforce the fine is considered too remote and speculative to warrant the invocation of federal habeas jurisdiction." 725 F.2d at 804; *cf. Maleng*, 490 U.S. at 492, 109 S.Ct. 1923 (holding that a habeas petitioner does not "remain 'in custody' under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted").


Like the statutes in *Gregoire* and *Leslie*, the Wisconsin sexual offender registration statute is considered remedial, rather than punitive, in nature. *State v. Bollig*, 232 Wis.2d 561, 605 N.W.2d 199, 205 (2000). In *Bollig*, the Supreme Court of Wisconsin held that "Wisconsin's registration statute does not evince the intent to punish sex offenders, but rather reflects the intent to protect the public and assist law enforcement." *Id*.; *see also Smith v. Doe*, 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003) (holding that Alaska's sexual offender registration statute is not punitive for purposes of the Ex Post Facto Clause). These authorities support our conclusion that the registration requirements resemble more closely those collateral consequences of a conviction that do not impose a severe restriction on an individual's freedom of movement. *See United States v. Keane*, 852 F.2d 199, 202 (7th Cir. 1988) ("[C]ivil disabilities alone are not 'custody'

authorizing collateral litigation."); *see also Leslie*, 296 F.3d at 522-23; *Bunn*, 309 F.3d at 1008; *Gregoire*, 151 F.3d at 1184-85.

Consequently, we hold that Mr. Virsnieks' Apprendi argument, standing alone, does not satisfy the habeas statute's "in custody" requirement.[23]

---

[23]. We note that neither *Smith v. Doe*, 538 U.S. 84, 91, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003), nor *Connecticut Department of Public Safety v. Doe*, 538 U.S. 1, 6, 123 S.Ct. 1160, 155 L.Ed.2d 98 (2003), the two cases in which the Supreme Court has considered challenges to sex offender registration statutes, assist Mr. Virsnieks' habeas claim. The plaintiffs in these cases employed 42 U.S.C. § 1983, rather than habeas corpus, as the vehicle for challenging the registration statutes. We express no view as to whether Mr. Virsnieks may proceed under section 1983.

Virsnieks, 521 F.3d at 717 to 720. We agree with the foregoing reasoning and find it dispositive of the Petitioner's habeas petition. See also Story v. Dauer, No. 08-1682, 2009 WL 416277, at *1 (W.D.Pa. Feb. 18, 2009)(finding a challenge to the Pennsylvania Megan's law registration requirements not cognizable in a federal habeas proceeding and holding that "[f]or purposes of implementing this [federal habeas] statute, the term 'in custody' as been interpreted not to include the requirement for registration as a sexual predator."); Brian R. Means, Federal Habeas Manual, § 1:22 (2009)("Registration pursuant to a sexual offender registration statute does not satisfy the 'custody' requirement. Nor does the future threat of incarceration for registrants who fail to comply with the registration statute."). Because this is the law and Petitioner has offered no argument why the reasoning of Virsnieks does not apply herein and/or why the arguments of the Respondents are not correct, he has failed to carry his burden to show that his challenge is properly cognizable as a habeas claim and that he is entitled to relief via a federal writ of habeas

corpus. See, e.g., Mann v. Jones, __ Fed.Appx. __, __, 2009 WL 2461090, at *10 (6th Cir. Aug. 12, 2009)("It bears reminding that Mann faces a substantial burden of proof to demonstrate that he is entitled to habeas corpus relief."); Jones v. Vacco, 126 F.3d 408, 415 (2d Cir. 1997) ("On a petition for a writ of federal habeas corpus, the petitioner bears the burden of proving by a preponderance of the evidence that his constitutional rights have been violated."); Greer v. Duckworth, 555 F.Supp. 725, 730 (N.D.Ind. 1983) ("Having failed to meet his burden of establishing those facts which entitle him to habeas corpus relief the Petitioner has failed to state a claim which is cognizable by the federal courts.").   Accordingly, the habeas petition is properly denied as not raising a claim cognizable in habeas, albeit without prejudice to Petitioner filing a separate civil rights action.

Given that jurists of reason would not find the foregoing holding debatable, a certificate of appealability is also properly denied.

An appropriate Order follows.


/s/ *Amy Reynolds Hay*
Chief United States Magistrate Judge

Date: 15 January, 2010


cc:     Robert T. Cravener
        BJ-9887
        SCI Cresson
        PO Box A Old Route 22
        Cresson, PA 16699-0001

        Counsel of Record via CM-ECF